## The People, on relation of Francis Darrow, v. Zephaniah B. Knight.

*Information — motion to dismiss by relator.* — The fact that an information was filed by the Attorney General, on relation of the claimant to an office, without his knowledge or authority, will not entitle the relator to have such information dismissed.

THE PEOPLE *v.* KNIGHT.

Where, in such case, the want of authority for joining the relator was established, permission of the Court was granted him to withdraw from the proceeding.

*Heard April* 26 *and* 27. *Decided May* 2.

Motion by the relator in an information in the nature of a *quo warranto*, to dismiss the same. The facts upon which the motion was based are stated in the opinion of the Court.

*M. E. Crofoot* and *A. B. Maynard*, for the motion.

*Albert Williams*, Attorney General, and *G. V. N. Lothrop*, contra.

CAMPBELL J.:

The relator moves to have the information in this cause dismissed, on the ground that it was filed without his knowledge or authority. It appears that it was filed upon the supposition of his counsel that he was authorized to act on his behalf; but, upon the whole facts, there is no room to doubt that a mistake occurred on this head. The good faith of the parties acting is entirely beyond dispute. The Attorney General, however, declines to withdraw the suit, claiming a right to prosecute it officially, without the consent of the relator.

The statute does not require leave of this Court to entitle such an information to be filed. It provides that the Attorney General may inform on his own relation, or on the relation of any private party.—2 *C. L.*, §5291. In either case, he may, if he sees fit, set forth the name of the person entitled to the office.—2 *C. L.*, §5293. In such case, the Court, if judgment be against the defendant, may give judgment on the right of the party alleged to be entitled, or not, as justice may require.—2 *C. L.*, §5294. If several persons claim title to the same office, he may make them all defendants if he pleases, in order to try their respective rights.—2 *C. L.*, §5309; *People v. Phillips*, 1 *Denio*, 388.

While the law recognizes the existence of private rights in the emoluments of office, which will be protected as far as possible, yet. this proceeding is not, in its nature, chiefly designed for any such purpose. That purpose is only incidentally connected with the proceedings. It is the theory of the law that offices are designed for the public good, and not for private emolument, and that the tenure of them by the persons legally elected or appointed is a matter mainly of public concern. It never contemplated that the public interest should be controlled by private action. The Attorney General does not act in these matters as a mere private agent. He may always interfere on his own volition. Whether he can be compelled to do so against his will, or whether, in case of his refusal, a private person can proceed by other means than those provided by the statute, we need not now consider. In this case, he has seen fit to commence proceedings, and if the person named as relator desires to have any voice in the matter, or any share in conducting the controversy with the defendant, it must be done in the present suit, if this suit is to be. retained in Court. He cannot interfere with the Attorney General in his official duty, but the Court would allow him to co-operate in such manner as not to embarrass th course of justice.

If he does not desire to remain in the position of relator, but chooses to withdraw from the suit, we shall, under the peculiar circumstances of the case, permit him to do so, and we, therefore, abstain from expressing any opinion as to whether he would be individually responsible for costs should he remain in that position. But as the law allows the Attorney General to act alone, and. he can proceed to the trial and judgment as sole informant, and by that judgment the title of the defendant will be definitely settled against all persons, it is clear that the person named as relator cannot have any claim to

do more than withdraw himself. He cannot oust the Attorney General's proceedings, when the Court itself has no power to prevent that officer from commencing them.

We must deny the motion to dismiss. The relator may, within four days, elect to withdraw from the case, and enter such election on the common rule book, or in open Court. Should he do so, the information will be amended by striking out his name as such in the introduction. The averment of his title to the office will remain, unless the Attorney General shall, in that event, desire to strike it out.

CHRISTIANCY and COOLEY JJ. concurred.

MARTIN Ch. J. was absent.